<div align="center">

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

</div>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | COLLIER/CARTER |
| | ) | |
| v. | ) | CASE NO. 1:10-CR-95 |
| | ) | |
| QUINTON JENNINGS | ) | |

<div align="center">

REPORT AND RECOMMENDATION

</div>

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 4, 2010. At the hearing, defendant entered a plea of guilty to Count One of the Indictment. There is no plea agreement in this case. On the basis of the record made at the hearing, I find that the defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Count One of the Indictment be accepted, that the Court adjudicate defendant guilty of the charges set forth in Count One of the Indictment. I further recommend that defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

The defendant's sentencing date is scheduled for **Thursday, December 2, 2010, at 9:00 am.**

<div align="center" style="margin-left:40%">

*s/William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

</div>

## <u>NOTICE TO PARTIES</u>

You have the right to *de novo* review of the foregoing findings by the district judge.  Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing.  Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter.  *See* 28 U.S.C. §636(b).